

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 21, 1986

Honorable Gary Garrison
Ector County Attorney
Courthouse, Room 223
Odessa, Texas    79761

Opinion No.    JM-536

Re: Validity of a "tax clearance" account for excess property tax payments

Dear Mr. Garrison:

You ask us the following questions:

> Are there any legal objections to the Tax Assessor-Collector of Ector County, Texas, having a 'tax clearance' account into which are deposited excess property tax payments and from which are withdrawn amounts necessary to make up property tax payments which are short? If there are no legal objections, does the Tax Assessor-Collector have the authority to create such an account or does this require approval from anyone -- such as the Ector County Commissioners Court?

By your use of the phrase "tax clearance" account and the authorities which you cite in the brief accompanying your request, we understand you to ask whether such an account may be established that would serve to satisfy, from the overpayments of taxpayers, the tax liabilities of those taxpayers who fail to tender sufficient payment. We conclude that no such account may be established. Because we do so, we need not answer your second question.

You have provided us with the following information relevant to your request:

> The 'tax clearance' account concept is used by four counties' tax officials whom I contacted. They said that it is justified by convenience, the money and effort spent to return overage/shortage checks, and revenue lost from not immediately depositing tax payments into the county treasury. The amount of excess might be noted for audit and accounting purposes. Each county set a monetary limit, such as $10.00, below which a refund would

be sent only upon taxpayer request. Apparently, under the Property Tax Code, a refund of excess payment is not required unless and until a taxpayer requests it. The excess amount would be deposited into the tax clearance account. Tax payments which are 'short' by no more than a set amount, such as $2.00, are accepted. The shortage is noted for auditing and accounting purposes. Money is transferred from the tax clearance account to make up the shortage.

Article VIII, section 10, of the Texas Constitution provides the following:

§10.  Release from payment of taxes

Sec. 10. The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature.

Article III, section 55, of the Texas Constitution provides the following:

§55. Release or extinguishment of indebtedness to state, county, subdivision or municipal corporation

Sec. 55. The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

While penalty and interest owed on delinquent taxes may be waived if it is so provided by law, Jones v. Williams, 45 S.W.2d 130 (Tex. 1931); Attorney General Opinion JM-311 (1985), taxes themselves, whether current or delinquent, clearly may not be. Smith v. State, 420 S.W.2d 204 (Tex. Civ. App. - Austin 1967), aff'd. 434 S.W.2d 342 (Tex. 1968). State v. Pioneer Oils Refining Co., 292 S.W. 869 (Tex. 1927). By utilizing any excess tax monies paid to the taxing units to

offset the shortage of those who fail to tender the full amount, the tax assessor-collector would be impermissibly waiving or releasing the debts owed by those who failed to tender the sufficient amount. The legislature is clearly prohibited from authorizing such a practice by article III, section 55, and article VIII, section 10, of the Texas Constitution. Since the legislature may not authorize the practice, it follows that neither the commissioners court nor the tax assessor-collector may do so.

Even if the practice about which you inquire were established only for purposes of more efficient accounting, i.e., if no attempt were made to release or extinguish the tax liabilities of those taxpayers who tendered an insufficient amount, the practice would still be statutorily impermissible. In your letter, you state that tenders of payment which are less than the amount imposed by, for example, $2.00 are accepted. There are only two means by which a tender of less than the amount imposed may be accepted. First, section 31.03 of the Tax Code authorizes a split payment whereby a taxpayer who tenders one-half of the taxes owed by December 1 may tender the remaining half by July 1 with no accrual of penalty or interest. Second, section 31.05 of the Tax Code authorizes discounts of certain specified percentages for payments tendered before January. There is no other provision which permits acceptance of any amount tendered that is less than the amount of taxes imposed.

Accordingly, we conclude that the county tax assessor-collector may not establish a "tax clearance" account in which excess property tax payments may be deposited and then withdrawn to offset those property tax payments which are less than the amount imposed.

## S U M M A R Y

A county tax assessor-collector may not establish a "tax clearance" account in which excess property tax payments may be deposited and then withdrawn to offset those property tax payments which are less than the amount imposed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General